Robert E. WRIGHT, Plaintiff,

v.

TENERGY CHRIST WATER, LLC, William Tomasso, and Michael Tomasso, Defendants.

Civil No. 3:07cv924 (JBA).

United States District Court, D. Connecticut.

Jan. 9, 2009.

242

Robert E. Wright, Wethersfield, CT, pro se.

Edward T. Lynch, Jr., Anderson Reynolds & Lynch LLP, New Britain, CT, Peter M. Haberlandt, Thomas J. Murphy, Cowdery, Ecker & Murphy, Hartford, CT, Hugh F. Keefe, Lynch, Traub, Keefe & Errante, New Haven, CT, for Defendants.

### ORDER REMANDING CASE TO STATE COURT

JANET BOND ARTERTON, District Judge.

On December 1, 2008, Plaintiff Robert Wright moved for leave to amend his complaint in this case, which the Court granted on consent on December 5. In this Fourth Amended Complaint, Wright is no longer pursuing his RICO claims, which formerly constituted the basis of this Court's federal jurisdiction. At the Court's request, the parties submitted briefing on the issue of whether the Court should continue to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims or remand the case. The Defendants contend that, based on a balancing of the factors enumerated in *Carne-gie–Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Court should retain jurisdiction. Plaintiff disagrees, and has moved to remand the case to the Connecticut state court from which it was originally removed.

Pursuant to 28 U.S.C. § 1367(a), district courts may exercise supplemental jurisdiction over non-federal claims which are part of the same constitutional case or controversy as the claims within the court's original jurisdiction. A court "may decline to exercise supplemental jurisdiction," however, if "all claims over which it has original jurisdiction" have been dismissed from the case. § 1367(c)(3). As the Supreme Court explained in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." The Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.*

In *Cohill*, the Court clarified that this does not mean that a court *must* decline to hear a case in which all federal claims have been dismissed. 484 U.S. at 349–50, 108 S.Ct. 614. Rather, the jurisdictional power provided in § 1367(a) is discretionary:

Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the bal-

ance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Id.* at 350, 108 S.Ct. 614 (footnote omitted). *Cohill* further guides that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7, 108 S.Ct. 614.

The Defendants argue that the *Cohill* factors point in favor of exercising supplemental jurisdiction for several reasons: (1) the case is more than two years old and the Defendants are prepared to file a motion for summary judgment that they believe will dispose of Plaintiff's remaining state-law claims; (2) this Court and Magistrate Judge Margolis have become familiar with the case in the course of resolving discovery disputes; (3) the Court has held two substantial status conferences; (4) the judges of the Connecticut Superior Court lack this familiarity; (5) the remaining claims do not raise unsettled issues of state law; and (6) the Plaintiff should not be allowed to manipulate the forum by dropping his federal claims in order to obtain a remand to state court. (Defs.' Mem. [Doc. # 89] at 2–3, 10.) Plaintiff counters that the bulk of the litigation has not taken place in federal court, that there is no evidence he has manipulated the forum given that it was the Defendants who removed the case to federal court, that the remaining state-law claims are factually distinct from the RICO allegations that were the subject of earlier discovery rulings, and that comity interests favor remand so that a state court may decide his state-law claims. (Pl.'s Mem. [Doc. # 88] at 6–13.)

Defendants are correct that this Court is familiar with the case insofar as the parties have sought and obtained rulings on several discovery-related matters. These disputes, however, have focused much more on Plaintiff's now-abandoned RICO claims than on the remaining counts which allege promissory estoppel, failure to pay wages in violation of Connecticut General Statutes § 31–72, intentional misrepresentation, negligent misrepresentation, wrongful termination in violation of public policy, violation of the implied covenant of good faith and fair dealing, breach of implied contract, and violation of the Connecticut Unfair Trade Practices Act.

Although it is true that the state-law claims do not implicate unsettled areas of Connecticut law or issues relating to the administration of state or local government, the Court agrees with the guidance from *Gibbs* and *Cohill* that needless decisions based solely on state law should be avoided as a matter of comity. Wright's state-law claims do not implicate "federal policy concerns [which] argue in favor of exercising supplemental jurisdiction even after all original-jurisdiction claims have been dismissed." *Kolari v. New York–Presbyterian Hosp.,* 455 F.3d 118, 123 (2d Cir.2006). The Court has not decided dispositive motions related to the remaining claims, *Raucci v. Town of Rotterdam,* 902 F.2d 1050, 1055 (2d Cir.1990), nor is the case on the eve of trial, *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1192 (2d Cir.1996). As the Second Circuit made clear in *Kolari,* a court's investment of federal judicial resources in matters which ultimately do not relate to the remaining state-law claims—there, managing several consolidated actions and ruling on dispositive motions—is not itself

enough to justify exercising supplemental jurisdiction over non-federal claims.

There is also insufficient evidence that Wright is seeking remand in order to manipulate the forum. Regardless of the evolution of the Plaintiff's theories of recovery, it was the Defendants who removed the case from state court. Wright abandoned his federal claims upon receiving adverse discovery rulings affecting his efforts to prove his RICO allegations. He is not seeking a change of forum just before trial, as the Defendants' anticipated motion for summary judgment is not yet due.

In light of the Supreme Court's direction in *Gibbs* and *Cohill,* the Defendants have not demonstrated that this is not the "usual" scenario where considerations of "judicial economy, convenience, fairness, and comity" point toward remanding a case involving only state-law claims to state court.

Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining claims, grants the Plaintiff's motion to remand [Doc. # 88], and orders this case remanded to the Connecticut Superior Court for the Judicial District of Hartford.

IT IS SO ORDERED.