10-4556-cv
Joel Ross, et al. v. Stanley E. Thomas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve.

PRESENT: DENNIS JACOBS,
                      Chief Judge,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

JOEL ROSS, ERIC LEVINE, JERDE DEVELOPMENT CO.,
      Plaintiffs-Counter Defendants-Appellees,

MELANIE L. CYGANOWSKI,
      Receiver-Appellee,

      -v.-                            10-4556-cv

STANLEY E. THOMAS, S. THOMAS ENTERPRISES OF SACRAMENTO, LLC,
      Defendants-Counter Claimants-Appellants.

- - - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**       Kirk M. McAlpin, Jr., Cushing, Morris, Ambruster & Montgomery, LLP, Atlanta, GA, Steven Spielvogel, Gallion & Spielvogel LLP, New York, NY.

**FOR APPELLEES:**       Colin R.P. Delaney, Smith, Gambrell & Russell, LLP, Atlanta, GA, John J. Lee, Smith, Gambrell & Russell, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendants Stanley Thomas and S. Thomas Enterprises of Sacramento, LLC ("Thomas Enterprises"), appeal from a judgment entered on summary judgment by the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).  We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

Plaintiffs are real estate developers who partnered with defendants to develop the Union Pacific rail yard in Sacramento, California into residential, commercial, and retail space.  The operating agreement of Thomas Enterprises--of which Thomas was the sole member and manager--provided that plaintiffs would receive up to a total of $10 million upon two contingencies, one of which being when Thomas Enterprises comes into receipt of "Certain Excess Amounts" of cash.  Plaintiffs contend that a $125 million loan that defendants secured from an affiliate of Inland America Realty Trust created sufficient "Excess Amounts" of cash to entitle them to $10 million under the operating agreement.  The district court agreed and granted summary judgment in plaintiffs' favor.

In the context of contractual disputes, "[w]e have repeatedly held that . . . summary judgment may be granted only where the language of the contract is unambiguous."

2

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996). Under Delaware law--which the parties agree controls interpretation of the operating agreement--we look at the "objective" meaning of a contract, i.e., the "words found in the written instrument." *Sassano v. CIBC World Mkts. Corp.*, 948 A.2d 453, 462 (Del. Ch. 2008). "When the plain, common, and ordinary meaning of the words lends itself to only one reasonable interpretation, that interpretation controls the litigation." *Id.* Ambiguity exists only when "the provisions in controversy are fairly susceptible [to] different interpretations or may have two or more different meanings." *Eagle Indus. v. Devilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997).

Plaintiffs' entitlement to the claimed distribution turns on whether the Inland loan was a "Capital Transaction,"--a term defined in the operating agreement to include "a financing or refinancing of all or any portion of the Real Property or the Project." Joint Appendix at 55. The district court properly found that the Inland loan was a Capital Transaction. The loan obtained by defendants was to be used for the Union Pacific rail yard project, it was secured by a deed to the property, and a portion of the loan was immediately used to pay off the previous financing for the project.

Defendants argue that the entire $125 million loan cannot meet the definition of "financing or refinancing" because they believe (contrary to Inland) that the property was worth much less than $125 million, they argue that financing can only exist up to the value of the property, and they assert that most of the loan was attributable to Thomas's personal guarantee. In interpreting a contract, we are required to give words their plain and ordinary meaning. *See* *Northwestern Nat. Ins. Co. v. Esmark, Inc.*, 672 A.2d 41, 44 (Del. 1996). Financing is commonly understood to mean "[t]he act or process of raising or providing funds." Black's Law Dictionary (9th ed. 2009). Likewise, one act of refinancing is "repaying the existing loan with money acquired from a new loan." *Id.* These terms describe precisely the purpose of the Inland loan. Thomas's personal guarantee, a common requirement of banks, does not alter the analysis.

3

Finding no merit in defendants' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK