Edso Exporting LP v. Atlantic Container Line AB

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
        <u>Chief Judge</u>,
   GUIDO CALABRESI,
   ROSEMARY S. POOLER,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

EDSO EXPORTING LP,

   *Plaintiff-Appellee*,

   -v.-           11-1467

ATLANTIC CONTAINER LINE AB,

   *Defendant-Appellant*,

M.V. ATLANTIC COMPASS, her engines, boilers, etc.,

   *Defendant*.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Vincent M. DeOrchis
                                      DeOrchis & Partners, LLP
                                      New York, NY


**FOR APPELLEE:**                     James F. Sweeney, III, David E.
                                      Sigmon
                                      Nicoletti Hornig & Sweeney
                                      New York, NY


Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is reversed and the case is remanded to the district court for entry of partial summary judgment in favor of the defendant.

Defendant Atlantic Container Line AB ("ACL") appeals from the district court's grant of partial summary judgment in favor of plaintiff Edso Exporting LP ("Edso") on the issue of defendant's liability for the damage to plaintiff's crane while in transit from Baltimore to Tripoli. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Carriage of Goods by Sea Act, Pub. L. No. 521, § 4(5), 49 Stat. 1207 (1936), <u>reprinted in</u> note following 46 U.S.C. § 30701 ("COGSA"), limits a carrier's liability for damage in connection with the transportation of goods to $500 per package, "or in case of goods not shipped in packages, per customary freight unit . . . unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." It is undisputed both that the crane was unpackaged and that Edso failed to declare its value in the bill of lading. Edso's damages are therefore limited under COGSA to $500 "per customary freight unit." The district court concluded that the customary freight unit was each cubic meter of the crane. On appeal, ACL argues that the customary freight unit was each item shipped.

"While some courts have held that the customary freight unit is the measurement customarily used to calculate the rate to be charged," in this Circuit "the customary freight unit is not the standard unit of measure used in the industry, but the actual freight unit used by the parties to calculate freight for the shipment at issue." FMC Corp. v. S.S. Marjorie Lykes, 851 F.2d 78, 80 (2d Cir. 1988) (internal quotation marks omitted). "To determine the customary freight unit for a particular shipment, the district court should examine the bill of lading, which expresses the contractual relationship in which the intent of the parties is the overarching standard. A district court may also consider the tariff required to be filed with the Federal Maritime Commission, which also sets forth the freight rate." Id. (internal quotation marks and citation omitted). Where the bill of lading and the filed tariff are unambiguous as to the freight unit used to calculate freight for the shipment at issue, "the inquiry is ended" and a court may not consider extrinsic evidence of the parties' intent, including negotiations. Id. at 80-81. In particular, if the bill of lading and tariff unambiguously establish that freight is charged on a lump sum basis, or based on the number of items shipped, it is irrelevant that the parties may, as a practical matter, have calculated freight based on the weight or volume measurements of the goods. See Vigilant Ins. Co. v. M/T "Clipper Legacy", 656 F. Supp. 2d 352, 359 (S.D.N.Y. 2009); Ulrich Ammann Bldg. Equip. Ltd. v. M/V Monsun, 609 F. Supp. 87, 91 (S.D.N.Y. 1985).

On the facts before us, we conclude that the bill of lading and tariff, when read together, unambiguously establish that freight was charged on a per-item, rather than per-cubic meter, basis. The bill of lading does not on its face state that freight is calculated based on the cubic volume of the crane; instead, it describes the basis of the $7,320 freight charge as "AA", or "As Agreed." Any ambiguity as to the meaning of this phrase is resolved by the tariff, which is expressly incorporated by reference in the bill of lading. The tariff identifies a Base Freight of $7,320 and the Basis as "Each (EA)." In the context of the $7,320 figure immediately above, "Each (EA)" can only refer to each crane.

3

Because the bill of lading, as supplemented by the tariff, unambiguously establishes that the customary freight unit in this case was each crane shipped, the district court erred by considering extrinsic evidence as to how the parties calculated the $7,320 figure.  Edso argues that the quote confirmation, which indicates that the crane was "Rated at $60w/m," was incorporated in the bill of lading.  But the bill of lading merely references the confirmation, without any elaboration.  By contrast, it expressly incorporates by reference the tariff.  If the parties had intended to also incorporate the terms of the quote confirmation, they would have done so explicitly.

Since we find no ambiguity in the governing documents concerning the basis on which freight was charged, ACL was entitled to partial summary judgment limiting its damages to $500.  See, e.g., Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1192 (2d Cir. 1996).

We have considered Edso's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby reversed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4