12-2211-cv
TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT:   JON O. NEWMAN,
                    REENA RAGGI,
                    GERARD E. LYNCH,
                            *Circuit Judges*.

----------------------------------------------------------------------

TAGC Management, LLC, a Nevada Limited Liability Company, TAGC I, LLC, a Nevada Limited Liability Company, TOTAL ACCESS GLOBAL CAPITAL, LLC, a Texas Limited Liability Company,
                    *Plaintiffs-Appellees*,

            v.                                                    No. 12-2211-cv

LEHMAN, LEE & XU LIMITED, a Hong Kong Corporation,
                    *Defendant-Appellant*,

EDWARD EUGENE LEHMAN, an individual, KAROLINA LEHMAN, an individual, SCOTT GARNER, an individual, HOME & GARDEN LIMITED, a Hong Kong Corporation, LEHMAN, LEE & XU PATENT AND TRADEMARK AGENTS LIMITED, a Hong Kong Corporation, LEHMAN, LEE & XU CORPORATE SERVICES LIMITED, a Hong

Kong Corporation, LEHMAN, JONES & PARTNERS (HK) LIMITED, a Hong Kong Corporation, LEHMAN GS LIMITED, a Hong Kong Corporation, LEHMAN & CO MANAGEMENT, LTD., a British Virgin Islands Company, DOES 1-10, INCLUSIVE,

*Defendants.**

-------------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Anthony Scordo, III, Stueben & Scordo, Cedar Grove, New Jersey. |
| FOR APPELLEES: | Donald R. Dinan, Roetzel & Andress, LPA, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the revised judgment entered on June 25, 2012, is AFFIRMED in part and VACATED in part.

Defendant Lehman, Lee & Xu Limited ("Lehman") appeals from a default judgment entered in favor of plaintiffs TAGC Management, LLC, TAGC I, LLC, and Total Access Global Capital, LLC (collectively, "TAGC"), as a sanction for Lehman's failure to comply with a discovery order directing that it make deponents available for in-person depositions in the Southern District of New York. See Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi) (providing

---

* The Clerk of Court is directed to amend the official caption as shown above.

2

that discovery sanctions may include "default judgment against the disobedient party").[1] We review a district court's decision on a motion for discovery sanctions for "abuse of discretion, which includes errors of law and clearly erroneous assessments of evidence." Chin v. Port Auth. of N.Y & N.J., 685 F.3d 135, 162 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

While "default is an admission of all well-pleaded allegations against the defaulting party," Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004), a district court "need not agree that the alleged facts constitute a valid cause of action," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "Indeed, we have recently suggested that, prior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quoting Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).

In this case, TAGC asserted three federal claims against the named defendants: racketeering conspiracy, see 18 U.S.C. § 1962(c), (d); securities fraud, see 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5; and false advertising in violation of the Lanham Act, see 15

---

[1] TAGC submits that this appeal is foreclosed by a settlement agreement among the parties, an argument we rejected in our order of February 14, 2013, which denied dismissal. See Order Den. Mot. Dismiss, No. 12-2211 (2d Cir. Feb. 14, 2013). There is no reason to reconsider that decision today.

3

U.S.C. § 1125(a)(1)(B). TAGC also sued on state-law claims of conversion, breach of fiduciary duty, professional negligence, fraud, and unjust enrichment. In entering judgment for TAGC, the district court made no findings as to the legal sufficiency of any of these allegations. In addition to an award of $1,135,850 in general compensatory damages, however, it also awarded treble damages, relief available only on the racketeering claim.[2]

Lehman submits that any award of damages for racketeering was legal error because the pleadings fail to support every element of such a claim. Reviewing the complaint pursuant to the standard enunciated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), we identify a single concern: the pleadings do not appear to support the continuity requirement necessary to satisfy the pattern element of racketeering. See, e.g., H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 241 (1989); United States v. Cain, 671 F.3d 271, 288 (2d Cir. 2012). The "'continuity' requirement can be satisfied either by showing a 'closed-ended' pattern—a series of related predicate acts extending over a substantial period of time—or by demonstrating an 'open-ended' pattern of racketeering activity that poses a threat of continuing criminal conduct beyond the period

---

[2]In the district court, TAGC contended that treble damages were also available on the Lanham Act claim. It does not renew that claim on appeal, and thus has abandoned it. In any event, any such argument would be meritless. TAGC's complaint states, in a conclusory manner, that Lehman's allegedly false advertising caused TAGC to suffer injuries "in the form of lost sales, profits and goodwill," but it alleges no facts plausibly to support that conclusion. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 114-15 (to state a false advertising claim under the Lanham Act, a plaintiff must allege that defendants' misleading statements undermined its business interests).

4

during which the predicate acts were performed." Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008); see United States v. Cain, 671 F.3d at 288.

TAGC does not dispute that it failed to allege closed-ended continuity. Insofar as TAGC argues that it satisfactorily pleaded open-ended continuity in ¶ 46 of its complaint, the relevant language states only that the alleged enterprise, which appears to have been an association in fact, "would continue as an ongoing criminal enterprise until stopped by law enforcement." Compl. ¶ 46. The complaint fails to plead facts plausibly supporting this conclusory allegation. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570. Certainly, there is no reasonable likelihood that defendants will persuade TAGC to wire any more funds to Lehman. See generally GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 466 (2d Cir. 1995) (observing that threat of continued looting cannot be inferred when plaintiff has "nothing left to loot"). Insofar as TAGC submits that open-ended continuity can be inferred from its pleading that Lehman's website overstates the law firm's size "with the intent to trick, confuse, and deceive potential clients," Compl. ¶ 17, the likelihood of the enterprise's using the website to defraud future hypothetical victims in ways similar to those alleged here is "entirely speculative" and, therefore, cannot pose a plausible threat of continuing criminal conduct. GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d at 466. Indeed, in describing the racketeering scheme at issue, the complaint does not state a criminal goal reaching beyond TAGC. See Compl. ¶ 45 ("The scheme was to gain access to the funds of Plaintiff's clients[.]").

Thus, because TAGC's pleadings, even when accepted as true, fail to state a valid cause of action for racketeering, we conclude that the award of treble damages cannot stand.

Lehman further argues that even the compensatory award cannot stand because TAGC's pleadings fail as a matter of law to support its other federal claims under the Exchange and Lanham Acts. Lehman does not dispute that the pleadings support TAGC's various state law claims. It argues only that the district court lacked jurisdiction to award damages for state claims in the absence of a viable federal claim. We disagree. Contrary to Lehman's argument, the fact that TAGC's federal claims lack merit does not mean that they are so "wholly insubstantial or frivolous" that they do not give rise to federal subject matter jurisdiction. S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) (internal quotation marks omitted); see also Carlson Principal Fin. Grp., 320 F.3d 301, 307 (2d Cir. 2003) ("Whether [a plaintiff] is able to assert a valid claim under [a federal statute] is irrelevant to the question of whether the District Court has subject matter jurisdiction over her complaint."). "[O]n its face. . . the complaint is drawn so as to seek recovery under federal law or the Constitution," and we therefore "find a sufficient basis for jurisdiction," even though dismissal of the federal claims on the merits was appropriate. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1191 (2d Cir. 1996).

Here, the district court dismissed no federal claims. We need not decide whether the pleadings were sufficient to support default judgments on the Exchange or Lanham Act claims because, even if not, they were sufficient to support default judgment and

6

compensatory awards on the <u>state</u> claims and, at this point, judicial economy, convenience, fairness, and comity are all served by affirming the judgment at least in part on that ground.

The judgment is therefore VACATED insofar as it awards treble damages, and AFFIRMED in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court