**Bill E. DAVIS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–2737.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1991.

54

Bill E. Davis, pro se.

Michael T. Truscott, Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Before KING, JOHNSON, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff Bill E. Davis ("Davis") appeals the district court's dismissal of his claims, alleging that the district court incorrectly dismissed his claims for lack of subject matter jurisdiction. Davis also alleges error in the district court's refusal to grant his motion to file a relation back amendment. Upon our review of the record, we affirm the dismissal of Davis' action, but we vacate the final order of dismissal and remand to the district court for the entry of a judgment of dismissal without prejudice.

## I.

### BACKGROUND

Davis executed and delivered a promissory note to PetroBank National Association in Houston, Texas, on or about September 19, 1983. The promissory note contained a non-assignment clause which expressly prohibited the assignment of the note without Davis' written consent.[1] At the same time, Davis conveyed a deed of trust to the trustee of PetroBank National Association. The deed of trust, which reflected Davis' one-half interest in a parcel of land, served as collateral for the promissory note.

On June 12, 1986, the Office of the Comptroller of the Currency declared PetroBank National Association insolvent and, pursuant to 12 U.S.C.A. § 1821(c), appointed the Federal Deposit Insurance Corporation ("FDIC") to act as receiver. A few days later, Davis received a letter which advised him that PetroBank National Association was insolvent, and that the FDIC in its corporate capacity had purchased the promissory note from the FDIC acting as receiver.

Davis subsequently defaulted on the promissory note. A successor trustee conducted a nonjudicial foreclosure on Davis' one-half interest in the parcel of land. The interest was sold at a value of $133,500.00. Davis alleges this amount is approximately six million dollars less than the actual value of his interest.

Davis commenced this action against the United States, alleging violations under the Federal Tort Claims Act. *See* 28 U.S.C.A. § 1346(b) (West 1976 & Supp.1991). Among other claims, Davis alleged conversion, breach of fiduciary obligation, and misrepresentation. Davis later requested leave from the district court to file a Fed. R.Civ.P. 15(c) relation back amendment to his complaint to allege constitutional violations and a claim under the Quiet Title Act.[2]

The Government filed a motion to dismiss Davis' claims, contending that the district court did not have jurisdiction under the Federal Tort Claims Act to reach the claims and in the alternative, that Davis had not stated a claim upon which relief could be granted. The district court granted the Government's motion to dismiss, concluding that it did not have jurisdiction to reach Davis' claims.[3] However, the district court dismissed Davis' claims with prejudice. Davis timely appealed.

## II.

### THE MOTION TO DISMISS

Davis argues that the district court erred in dismissing his complaint on the basis of lack of subject matter jurisdiction. The Government's motion to dismiss was predicated both on Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). In its order of

---

1. The September 19, 1983 promissory note stated:

    "It is expressly provided that this note cannot be assigned without the written consent of the maker."

2. 28 U.S.C.A. § 2409a (West 1978 & Supp.1991).

3. The record indicates that the district court did not rule on Davis' motion for leave to amend. *See infra* note 6.

dismissal, however, the district court only referred to subject matter jurisdiction. The district court stated that subject matter jurisdiction was not invoked under the Federal Tort Claims Act based on Davis' claim. We review the jurisdictional issue *de novo* to see if the district court's application of the law is correct. *See Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1384–85 (5th Cir.1989) (citations omitted).[4]

■ The United States may be sued only to the extent that it waives its sovereign immunity. In the Federal Tort Claims Act, the Government has waived its sovereign immunity in certain specified classes of tort claims. However, the Federal Tort Claims Act enables district courts to exercise jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. *See* 28 U.S.C.A. § 1346(b) (West 1976 & Supp.1991). The Federal Tort Claims Act does not extend subject matter jurisdiction over breach of contract claims. *See Woodbury v. United States,* 313 F.2d 291, 295 (9th Cir.1963).

■ Davis argues that some of his claims against the United States are not traditional breach of contract claims. Davis asserts that he has also alleged wrongful conversion and tortious act claims against the United States. Each of these claims, however, is predicated upon the breach of a condition in the promissory note. In *Blanchard v. St. Paul Fire and Marine Ins. Co.,* 341 F.2d 351, 357–58 (5th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 66,

15 L.Ed.2d 73 (1965), this court stated that claims which are founded upon an alleged failure to perform contractual obligations are not tort claims that support subject-matter jurisdiction under the Federal Tort Claims Act. This principle holds true regardless of whether the plaintiff chooses to characterize the failure in terms of negligence upon the part of the contracting officer or other government officials. *Id.*

As the district court noted, Davis' claims are based on the assertion that the FDIC as receiver was prohibited by the non-assignment clause in Davis' note from selling the note. These claims are based on an alleged breach of the non-assignment clause in the promissory note. Thus, the claims are based on a contract action and not a tort action. In *City Nat'l Bank v. United States,* 907 F.2d 536, 538 (5th Cir. 1990), the FDIC, acting in its corporate capacity, purchased assets from the FDIC acting as a receiver for an insolvent bank. As part of the suit, the plaintiffs sued the United States under the Federal Tort Claims Act, seeking their share of funds attributable to a certain note. *Id.* at 546. This court stated that the plaintiffs could not pursue their gross negligence claim under the Federal Tort Claims Act. *Id.*

■ The *City Nat'l Bank* court reasoned that, while plaintiffs characterized their claim as a gross negligence claim, the claim was based on the FDIC's breach of a contractual duty to pay the plaintiffs their share of the funds attributable to the note. *Id.* Thus, the plaintiffs' recovery was only in contract and fell outside the Federal Tort Claims Act's waiver of sovereign immunity. *Id.*[5]

---

**4.** The district court did not treat this as a Fed. R.Civ.P. 12(b)(6) motion, because the jurisdictional issues were not intermeshed with the merits of the case. *See Sierra Club v. Shell Oil Co.,* 817 F.2d 1169, 1172 (5th Cir.), *cert. denied,* 484 U.S. 985, 108 S.Ct. 501, 98 L.Ed.2d 500 (1987) (citation omitted). Such analysis is proper if the Fed.R.Civ.P. 12(b)(1) jurisdictional challenge does not attack the merits of the underlying claim. *See Carmichael v. United Technologies Corp.,* 835 F.2d 109, 114 (5th Cir.1988). The Government's jurisdictional challenge in this case did not challenge the merits of Davis' case. Rather, the jurisdictional challenge questioned the district court's ability to hear the case. Thus, treating the motion as a Fed. R.Civ.P. 12(b)(1) challenge was proper.

**5.** Furthermore, claims which arise out of misrepresentation are not within the jurisdiction of the district court. *See* 28 U.S.C.A. § 2680(b) (West 1965 & Supp.1991). Thus, this section also bars the district court's jurisdiction over misrepresentation claims in this case because Davis alleges that the FDIC made misrepresentations regarding his property.

Davis' claims are based on the breach of a non-assignment clause in a note and, thus, as contract claims they do not fall within the jurisdictional authority of the district courts under the Federal Tort Claims Act. However, because the district court did not reach the merits of the case, it was incorrect to dismiss Davis' case with prejudice. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir.1986).

## III.

### THE MOTION FOR LEAVE TO AMEND

■ Davis filed a Fed.R.Civ.P. 15 motion, seeking leave to amend his pleadings.[6] Fed.R.Civ.P. 15(a) states that leave to amend pleadings shall be freely given when justice so requires. This leave to amend, however, is by no means automatic. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666–67 (5th Cir.1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981) (citation omitted). A district court's decision to grant or deny leave to amend will be overturned only for abuse of discretion. *See Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986) (citation omitted). In exercising this discretion, a district court considers a variety of factors, such as undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).[7]

■ The district court did not abuse its discretion by ignoring Davis' request to allege these claims. First, the Government argues that Davis' failure to attach a copy of the proposed amended pleading to his motion to amend was defective. The district court could consider Davis' failure to attach the proposed pleading as a factor in the determination of whether it should grant the motion, but such a failure was not fatal. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir.1984). Second, Davis alleges violations of constitutional rights under the Federal Tort Claims Act. The Federal Tort Claims Act does not encompass federal constitutional torts. *See Castro v. United States*, 775 F.2d 399, 405 (1st Cir.1985) (citations omitted). Thus, if this proposed amendment would have offered Davis no avenue of redress, there was no reason to allow the amendment. Finally, the amended pleading alleging the Quiet Title claim would have unduly prejudiced the Government. Because the Quiet Title claim involved the rights of others parties who held interests in the property in question, this claim would apparently have required the joinder of additional parties. This joinder would have complicated the district court proceedings, as well as the Government's ability to prepare a case which initially involved fewer parties. *See Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 229 (5th Cir.1983).[8] The district court could properly consider the prejudice to the Government as a factor in its determination of whether to permit the amended pleading. Thus, we find no abuse of discretion in failing to grant the motion to amend.

## IV.

### CONCLUSION

Accordingly, we AFFIRM the dismissal of this action for lack of subject matter

---

**6.** The motion sought to amend the pleadings to allege violations of "constitutional rights" and the "Quiet Title" Act. The district court did not deny Davis' motion to amend; rather, the district court failed to rule on the motion. The district court rendered a dispositive order that it designated as a final order of dismissal. Thus, the district court disposed of all the claims before it, but failed to address one *outstanding* motion. Under these circumstances, the motion to amend was impliedly denied. Cf. Fed. R.Civ.P. 54(b) (discussing final judgment which adjudicates all the claims of parties).

**7.** Davis sought his amendment under Fed. R.Civ.P. 15(c), which provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

**8.** The *Ross* court stated that "[w]e find no abuse of discretion in the district court's denial.... It would add twenty-six new parties, including a number of separate school districts.... The allowance of the amendment would undoubtedly prejudice HISD." *Ross*, 699 F.2d at 229.

jurisdiction, but we VACATE the final order of dismissal and REMAND to the district court for entry of an order of dismissal without prejudice.