22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 McABEE CONSTRUCTION, INC., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 93-1383.
 United States Court of Appeals, Federal Circuit.
 March 29, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 The defendant, the United States, appeals from a decision of the United States District Court for the Northern District of Alabama which denied defendant's motion to dismiss or to transfer the case to the United States Court of Federal Claims for lack of jurisdiction of the subject matter of plaintiff's complaint. The plaintiff, McAbee Construction Co., Inc., filed the suit under the Federal Tort Claims Act for $922,500.00 alleging that defendant had damaged its land by negligently or wrongfully depositing over 200,000 cubic yards of excess dirt and spoil material on plaintiff's land. This dirt and material was transported by defendant from a construction site of a nearby dam project of the United States Army Corps of Engineers (Corps) and placed on plaintiff's property. The defendant has appealed to this court alleging that the district court did not have jurisdiction of the subject matter of plaintiff's complaint because plaintiff's claim is not one sounding in tort but is a claim for more than $10,000.00 for a breach of an easement contract defendant had with the plaintiff. The defendant alleges further that under these circumstances the United States Court of Federal Claims has exclusive jurisdiction of the case under the provisions of 28 U.S.C. Sec. 1346(a)(2) and 28 U.S.C. Sec. 1491(a)(1). We agree with the defendant for reasons stated below and reverse and remand with instructions to transfer the case to the United States Court of Federal Claims.
 
 DISCUSSION
 
 2
 There was no trial on the merits in the court below. The court disposed of the case on the pleadings and performance we must do the same.
 
 
 3
 The pleadings show that on September 29, 1986, the Corps entered into a contract with the plaintiff in which the plaintiff granted defendant an easement for five years in, on, over and across 30.40 acres of land owned by the plaintiff described as Tract 106-E-2 and located in Tuscaloosa County, Alabama. The easement granted defendant the right to deposit fill material on the land that was necessary and incident to the construction of the William Bacon Oliver Lock and Dam Project that was adjacent to plaintiff's land. Specifically, the easement granted the Corps the following rights:
 
 
 4
 To deposit fill dirt, spoil and waste material thereon, move, store, and remove equipment and supplies, and erect and remove temporary structures on the land, and to perform any other work necessary and incident to the construction of the [Project].
 
 
 5
 The easement contract does not contain any limits on the amount of excavated material that defendant was permitted to deposit on plaintiff's land.
 
 
 6
 Both parties agree that after the agreement was signed and construction of the project had begun, fill dirt and material was excavated by defendant from the dam and lock area and deposited on Tract 106-E-2 belonging to plaintiff. On September 30, 1991, after the easement contract had terminated, the plaintiff submitted an administrative claim to the Corps for $922,500.00 in damages which it alleged defendant had caused by depositing an excessive amount of spoil material on the land. Plaintiff stated in the claim, a copy of which is attached to its complaint, that on the expiration of the easement:
 
 
 7
 The Government delivered to claimant Tract 106-E-2 in a condition in which no reasonable use could be made, the Government having deposited an estimated 227,673 cubic yards of spoil material (from the construction of the William Bacon Oliver Lock and Dam) above the elevation 165 MSL.
 
 
 8
 Claimant is informed and believes that elevation 165 is the highest elevation on this tract at which the property is usable.
 
 
 9
 The plaintiff contended that it could cost $922,500.00 to remove the 227,673 cubic yards of spoil material in order to reduce the level of the land to elevation 165 mean sea level where it would be useful. The plaintiff alleged in the claim that the land had an elevation ranging from 140 to about 155 feet when it was tendered to defendant. No decision was issued by defendant on the claim and on June 25, 1992, this suit was filed by the plaintiff as a tort action in the district court for an award of the alleged damages.
 
 
 10
 The plaintiff alleged the following in its complaint:
 
 
 11
 On September 29, 1986, McAbee Construction, Inc. granted to the United States of America a temporary easement and right-of-way in, on, over and across 30.40 acres of its property, described therein as Tract 106-E-2, ...
 
 
 12
 ... Said easement ran for a period of five years and included the right to deposit fill material thereon necessary and incident to the construction of the William Bacon Oliver Lock and Dam Project.
 
 
 13
 During the period of September 29, 1986, through September 19, 1991, the United States Army Corps of Engineers, negligently or wrongfully deposited on the referenced land in excess of its authority, over 200,000 cubic yards of spoil material.
 
 
 14
 The conduct of the defendants constitutes trespass and waste and has severely damaged the land.
 
 
 15
 The defendant filed a motion to dismiss or to transfer the case to the United States Court of Federal Claims for lack of jurisdiction in the district court. The court denied the motion without opinion. However, this ruling had the effect of a holding by the court that plaintiff's suit was a tort action over which the district court had jurisdiction. This was a legal conclusion of the court on the pleadings that is subject to de novo review by this court. Heisig v. United States, 719 F.2d 1153 (Fed.Cir.1983), and Davis v. United States, 961 F.2d 53 (5th Cir.1991).
 
 
 16
 We do not agree with the ruling of the court. In our opinion, the alleged conduct of defendant, if true, must be considered a breach of contract and not tortious conduct. The contract created the relationship between the parties and established the parameters of plaintiff's rights and remedies against defendant. In its claim filed with the Corps, plaintiff stated that defendant deposited the spoil material on plaintiff's land "in excess of its authority". This was an admission by the plaintiff, that the contract allowed defendant to deposit the material up to an unspecified height. There is no provision in the contract that limits the height or amount of the fill nor the authority of the defendant to deposit it on plaintiff's land. It is clear that the contract created and limited the rights of the parties, and they are bound by its terms. The plaintiff says that defendant committed a trespass upon and waste of its property. This is contrary to the plain terms of the contract which authorized the defendant to go upon the land and deposit fill material.
 
 
 17
 We held in Wood v. United States, 961 F.2d 195 (Fed.Cir.1992) that when a claim for more than $10,000.00 arises primarily from a contractual undertaking jurisdiction lies in the Court of Federal Claims and not in a district court. That is the situation here. In Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351 (5th Cir.), cert. denied, 382 U.S. 829 (1965), the court held that claims which are founded upon a failure to perform contractual obligations are not tort claims that can be litigated under the Federal Tort Claims Act. Many times a breach of contract may also be treated as a tort, but if the action arises primarily from a contractual obligation, jurisdiction lies exclusively in the Court of Federal Claims as a breach of contract suit if, as here, the amount claimed is more than $10,000.00. If it can be assumed in the instant case that defendant was guilty of the tortious acts alleged by plaintiff, the tort was committed in breaching the contract, and plaintiff's claim arose from and was based on the breach and not on the tort. See Olin Jones Sand Co. v. United States, 225 Ct.Cl. 741 (Ct.Cl.1980); Wood v. United States, supra; Woodbury v. United States, 313 F.2d 291 (9th Cir.1963); and Blanchard v. St. Paul Fire and Marine Co., supra.
 
 
 18
 Accordingly, we hold that plaintiff's suit is for breach of contract and is not a tort action, and the Court of Federal Claims has exclusive jurisdiction of the case.
 
 
 19
 We reverse the decision of the district court and remand with instructions to transfer the case to the United States Court of Federal Claims.