IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

Nos. 99-30747 & 01-30073

---

CARL WARDEN, Trustee, on behalf of Tammy Lynn Parker
Security and Investment Trust, on behalf of Jamie Dean Parker
Security and Investment Trust, on behalf of Joyce Darlene
Douglas Class Trust, on behalf of Ernest L. Parker Charitable
Remainder Annuity Trust, on behalf of Midge Parker Charitable
Remainder Annuity Trust, on behalf of Ernest L. Parker
Charitable Remainder Unitrust, on behalf of Midge Parker
Charitable Remainder Unitrust,

                                        Plaintiff-Third Party Defendant,
                                        Counter-Defendant-Appellee,

versus

RICHARD D. BARNETT,

                                        Defendant-Thirty Party Plaintiff,
                                        Counter Claimant-Appellant,

ERNEST L. PARKER; MIGNON TRAHAN PARKER,
also known as Midge Parker; JAMIE DEAN PARKER;
TAMMY LYNN PARKER; ROBERT G. JACKSON;
JACKSON, JACKSON & WYBLE, L.L.C.; COREGIS
INSURANCE CO.; LOGAN NICHOLS,

                                        Third Party Defendants-Appellees.

---

Appeals from the United States District Court for
the Western District of Louisiana
(USDC No. 98-CV-1685)

---

March 29, 2001

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

In this consolidated appeal, appellant Richard Barnett appeals in # 99-30747 the final judgment dismissing with prejudice the claim he brought against appellees under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. In # 01-30073, Barnett appeals the denial of his motion for relief from the judgment. We affirm.

In # 99-30747, we agree with the district court that the RICO claim was properly dismissed on limitations grounds. Civil RICO actions are subject to a four-year statute of limitations. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). Our circuit follows the "injury discovery" rule, under which the limitations period runs from the date "when a plaintiff knew or should have known of his injury." Rotella v. Wood, 528 U. S. 549, 553 (2000) (noting that Fifth Circuit follows injury discovery rule). In affirming a Fifth Circuit decision, Rotella rejected a limitations period that begins to run only when the plaintiff discovers both an injury and a pattern of RICO activity. Id. at 552-54.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Barnett's RICO claim in the pending suit was filed on November 2, 1998. Earlier, in November 1991, Barnett filed a Louisiana state court suit against appellees Nichols and Ernest Parker. The state court complaint makes clear that at the time it was filed Barnett was aware of the alleged injury, i.e., the misappropriation of his stock, that is the basis of the RICO claim brought in federal court seven years later. We agree with the district court's conclusion that the state court suit alleged "the same basic facts" and "the same basic grounds" as the federal RICO claim.[1] Barnett claims that Parker and Nichols engaged in fraudulent concealment of their wrongful conduct. But if Barnett knew in 1991 that these third-party defendants had misappropriated his stock, then under the injury discovery rule he was aware of his injury and the limitations period ran long before the 1998 federal RICO claim was filed.

The district court recognized that Barnett was claiming certain wrongful conduct by appellees after 1991. Barnett claimed that appellees used the proceeds of the

---

[1] We note that the district court granted motions to dismiss the RICO claim and did not purport to convert the motions into summary judgment motions, as occurs under the last sentence of Fed. R. Civ. P. 12(b) when the court considers matters outside the pleadings. In this case the court considered the state court petition. While the court must ordinarily limit itself to the allegations of the complaint when deciding a motion to dismiss, we have held that "courts may also consider matters of which they may take judicial notice." Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996). Like the documents at issue in Lovelace, the state court petition submitted with the motions to dismiss in the pending suit was a publicly filed document not offered for the truth of the matters alleged therein. See id. at 1018. The state court pleading was offered as proof that Barnett was on notice of his alleged injury when his state court suit was filed.

sale of his stock to make investments in other companies. Some of these investments ended up in the Parker family trusts, and Barnett claims that appellees Warden, the trustee, and Parker formed these "bogus" trusts to insulate Parker's finances from Barnett.

The district court rejected Barnett's claim that each new use of the proceeds derived from the initial alleged misappropriation of his stock constitutes a new injury under RICO. We agree with the district court that the initial theft or misappropriation of Barnett's stock is his injury, and that further alleged acts of appellees, such as placing the proceeds of the sale of the stock in a trust, do not amount to new and independent injuries subject to separate limitations periods. Barnett argues that various acts of appellees resulted in a depletion in the value of the stock that was stolen from him, thus reducing his ability to recover the value of the stock. We find no authority in support of Barnett's theory of limitations, and further believe that it would lead to absurd results. If, for example, the defendant converted an asset belonging to the plaintiff, sold the asset, and placed the proceeds of the sale in a bank account, then under Barnett's theory each time the defendant withdrew funds from the account, the limitations period would start to run all over again. We agree with the district court that such a theory is not an available avenue for extending limitations. By Barnett's reasoning, if a defendant misappropriated an asset of plaintiff, limitations would never end so long as the defendant continued to use the asset in any manner that reduced its value and hence plaintiff's ability to recover a judgment that would make him whole. Even mere possession of an asset by the defendant would extend limitations indefinitely, so long as the asset depreciates in value.

4

We are of the view that Barnett's legal injury, and his damages, remained unchanged regardless of what the appellees did with his stock after the alleged misappropriation.

Barnett cites Love v. National Medical Enterprises, 230 F.3d 765 (5th Cir. 2000). In Love, we adopted a "separate accrual" rule applicable to limitations in civil RICO actions. Id. at 774-75. Under this rule, "[w]hen a pattern of RICO activity causes a continuing series of separate injuries, the 'separate accrual' rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury." Id. at 773 (emphasis added). We held that the rule was applicable to each submission of allegedly fraudulent insurance claims by the defendants, and that accordingly any submission of such a claim within the four-year limitations period was not time-barred, even if plaintiff knew of the fraudulent scheme involving similar fraudulent claims more than four years before filing suit. Id. at 775.

We find Love distinguishable, since we conclude that Barnett did not suffer separate injuries. All of Barnett's injury occurred when his stock was misappropriated, and the filing of the state court action proves that he was aware of that injury in 1991. Efforts by appellees to retain their alleged ill-gotten gains by retaining possession of the stock or its proceeds do not in our view constitute a separate injury, as discussed above, and nothing in Love alters our conclusion.

Barnett asks that, if we affirm, we modify the judgment to make it without prejudice. He argues that a dismissal for lack of "standing" should be without prejudice. We reject this argument. The suit was dismissed on limitations grounds. Such a

5

dismissal was on the merits of appellees' affirmative defense. While the district court rulings have some discussion of "standing," this discussion was not of standing in the jurisdictional sense, but in the context of the types of injuries to a plaintiff that are within the ambit of the RICO statute.[2] The case was dismissed on the substantive merits, and not on grounds of jurisdictional standing or some other jurisdictional or procedural ground on which a dismissal without prejudice might be appropriate. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (stating that a dismissal with prejudice is normally an adjudication on the merits); Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (holding that district court incorrectly dismissed case with prejudice because it did not reach the merits of the case); Quintero v. Klaveness Ship Lines, 914 F.2d 717, 721 (5th Cir. 1990) (holding that district court did not abuse its discretion in dismissing case with prejudice where court reached the merits of the case); Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir. 1990) ("We begin by noting that the dismissal of a plaintiff's suit with prejudice is tantamount to a judgment on the merits for the defendants . . . .").

As for appeal # 01-30073, challenging the denial of Barnett's motion for relief from the federal judgment, our understanding is that Barnett continued to pursue state

---

[2] We have, for example, explained that a RICO cause of action includes a causation element, and that a plaintiff has "standing" under the statute only if he sustained an injury to his property or business "by reason of" a RICO violation. See Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998); Cullom v. Hibernia Nat'l Bank, 859 F.2d 1211, 1212 (5th Cir. 1988).

court remedies in a related state court action, but the state court held that under res judicata principles the federal judgment barred further prosecution of the state court suit. Barnett then returned to federal court and filed a motion for relief from the federal judgment under Fed. R. Civ. P. 60.

Barnett's appeal in #01-30073 is misguided, as he offers no legitimate basis (such as newly discovered evidence) for relief from the judgment against him on his federal RICO claim. Instead he argues that he "reserved" state law claims in his federal counterclaim and third-party action asserting the RICO claim, that appellees "consented" to his "claim splitting," and that therefore the judgment in the federal case should not operate as res judicata in the state suit. This argument is misguided because it is made to the wrong court. Barnett should be making this argument, if at all, to the state court. The effect of the federal judgment on the state court action is a matter for the state court. If the state court erred in holding that the federal court judgment operates as res judicata on the state court claims, then Barnett should ask the state court to reconsider its ruling, or he should appeal the state court ruling to a state appellate court.

Barnett did not assert state law claims in the federal suit before us. He asserted only his RICO claim. For the reasons described above, the federal district court did not err in dismissing the RICO claim, or in dismissing it with prejudice. Barnett has not demonstrated that the federal district court committed an error that it or this court should correct via a Rule 60 motion or an appeal from the denial of such a motion.

AFFIRMED.

7