Harold A. WITTERHOLT, Plaintiff,

v.

**UNITED STATES of America**
**Defendant.**

**No. CIV.3:02–CV–2324–H.**

United States District Court,
N.D. Texas,
Dallas Division.

April 28, 2003.

Susan L.S. Ernst, U.S. Attorney's Office, Dept. of Justice, Dallas, TX, for defendant.

### *MEMORANDUM OPINION AND ORDER*

SANDERS, Senior District Judge.

Before the Court is Defendant's Motion to Dismiss, filed March 12, 2003, and Plaintiff's Response, filed March 24, 2003.

After considering the pleadings of the parties and the relevant authorities, the Court is of the opinion that Defendant's Motion to Dismiss should be **GRANTED**.

### I. Background

This suit was filed on October 23, 2002 by *pro se* Plaintiff Witterholt. In that Complaint, Plaintiff alleges that he was attacked by an Immigration and Naturalization Officer "Pete Cruz"[1] on October 16, 2002 and seeks payment for his medical expenses. Plaintiff states that, "Pete Cruz" read aloud from Plaintiff's Immigration and Naturalization Services ("INS") file. Plaintiff further states that his INS file was full of lies. Plaintiff called "Pete Cruz" a liar when he continued to read from Plaintiff's INS file and screamed at the Officer. Plaintiff alleges that after screaming at Officer Cruz and calling him a liar, he was attacked by Officer Cruz and two other unnamed INS Officers.

On March 12, 2003, "Pete Cruz" filed a Motion to Substitute the United States for Pete Cruz, along with a Motion to Dismiss under Rule 12(b)(1) and 12(b)(5). The Court granted the Motion to Substitute the United States on March 13, 2003.

### II. Analysis

#### A. *12(b)(1) Motion to Dismiss*

In considering a motion to dismiss a complaint for lack of subject matter jurisdiction, the Court must assume that all factual allegations contained in the complaint are true. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001) *cert. denied sub nom Statoil ASA v. HeereMac v.o.f.,* 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002). However, as federal courts are courts of limited jurisdiction, it is incum-

---

**1.** While Plaintiff's pleadings all refer to an Officer Pete Cruz, the officer involved in this meeting with Plaintiff was actually named Rene Cruz. *See* Mot. to Dismiss at 2.

bent upon the Court to dismiss an action "whenever it appears that jurisdiction may be lacking." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As the party asserting jurisdiction in this case, Plaintiff has the burden of establishing that jurisdiction is proper. *Id.* Plaintiff has failed to do so.

### B. The Federal Tort Claims Act

 The United States may only be sued to the extent it has waived its sovereign immunity. The Federal Tort Claims Act waives sovereign immunity for certain classes of tort claims, including personal injury caused by the negligent or wrongful act or omission of any employee of the Government acting within the scope of his office or employment. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir.1991). However, a plaintiff cannot avail himself of that waiver of sovereign immunity without first exhausting his administrative remedies pursuant to 28 U.S.C. § 2675. Section 2675 requires that a plaintiff must have, before filing a lawsuit, "presented the claim to the appropriate Federal agency [in this case the INS or, now, its successor agency-the Bureau of Citizenship and Immigration Services] and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Plaintiff does not allege that he exhausted his administrative remedies in his Complaint, a necessary prerequisite to a finding that this Court has jurisdiction over his claims. Furthermore, there are before the Court a declaration from Aleta Bodolay, a claims examiner with the United States Department of Justice, as well as an affidavit from Carole Riley, the Paralegal Specialist who handles Tort Claims for the Central

Region, both asserting that no such claim was ever filed.[2] Plaintiff did not exhaust his administrative remedies before filing this lawsuit. As such, this Court lacks subject matter jurisdiction over his claims and Defendant's Motion to Dismiss must be **GRANTED**.

### III. Conclusion

Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice.

SO ORDERED.

---

2. The Court may properly consider these affidavits in this case. Because Plaintiff did not assert that he had exhausted his administrative remedies before filing this suit, the Court can properly consider "undisputed facts evidenced in the record" in reaching its conclusion on a Motion to Dismiss under Federal Rule 12(b)(1). *See Den Norske* at 424.