# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-30795
Summary Calendar

Lyle W. Cayce
Clerk

ROGERIO RIBEIRO DOS SANTOS; EDIMAR RIBEIRO DUARTE;
JUSSARA DOS SANTOS RODRIGUES,

Plaintiff-Appellant,

v.

BELMERE LIMITED PARTNERSHIP; FAIRFIELD PROPERTY
MANAGEMENT; ROBIN HERBERT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-338

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellants Rogerio Ribeiro dos Santos, Edimar Ribeiro Duarte, and Jussara dos Santos Rodrigues, appearing *pro se* and proceeding *in forma pauperis*, appeal: (1) the district court's grant of Appellees' motion to dismiss for lack of subject matter jurisdiction, and (2) the district court's denial of oral argument concerning a motion for reconsideration. WE AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30795

## I.

In October 2011, Appellants were informed they would have to temporarily relocate from Louisiana to Texas for employment. Knowing they would return to Louisiana in February 2012, Appellants rented a temporary storage unit ("Unit A20") to store personal belongings at their Louisiana apartment complex ("Belmere"). While Appellants were in Texas, Belmere's management declared Unit A20 abandoned and allegedly discarded and/or stole various contents of Unit A20. Appellants filed suit in the United States District Court for the Eastern District of Louisiana seeking compensatory and punitive damages totaling over ten million dollars on multiple grounds. The district court concluded that: (1) the court lacked subject matter jurisdiction because no federal question was presented, and complete diversity of citizenship did not exist; and (2) oral argument was unnecessary in support of Appellants' motion for reconsideration of the dismissal.[1]

## II.

We first address Appellants' jurisdiction claim. We review dismissals for lack of subject matter jurisdiction *de novo*. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Federal question jurisdiction exists with respect to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between: (1) citizens of different States; or (2) citizens of a State and citizens of a foreign state. 28 U.S.C. § 1332(a). Absent any federal question, complete diversity of citizenship is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although we "liberally construe" the filings of *pro se*

---

[1]Although Appellants cite numerous grounds in their notice of appeal, Appellants' Brief only addresses these two issues. Accordingly, any issue not briefed on appeal is waived. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

litigants and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," the plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

We agree with the district court that it lacked subject matter jurisdiction because no federal question was presented at the time suit was filed.[2] To the extent that Appellants rely on the Louisiana Code of Civil Procedure to argue that a federal question exists, this argument lacks merit because a "federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd.* v. *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983)). Appellants have cited to no federal law upon which the district court can adjudicate. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F. 3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.") (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Further, the generalized references to the Constitution in Appellants' complaint do not satisfy their burden of showing that these claims arise under the Constitution, laws, or treaties of the United States. *Hoskins*, 343 F.3d at 772 ("Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'") (quoting

---

[2]Appellants assert the following state-based claims: "Invasion of Privacy; Torture; Hate Crime due [*sic*] Racism; Negligence, Negligent Hiring, Intentional Infliction of Emotional Distress; Depression; Scaring [*sic*]; Mental Anguish, [*sic*] Wrongful Eviction; Burglary and Theft; Breech of Contract; Defamation."

*Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908)).

Moreover, we disagree with Appellants' claim that complete diversity of citizenship existed at the time suit was filed, which is an alternative grounds for federal subject matter jurisdiction. In order to establish diversity under § 1332, no plaintiff can be a citizen of the same state as any of the defendants. *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, state citizenship is synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). A change in domicile requires: "(1) physical presence at the new location and (2) an intention to remain there indefinitely." *Id.* at 250. The basis for diversity jurisdiction must be "distinctly and affirmatively alleged." *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). This court has stated that a "failure to adequately allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

While we review questions of law, such as jurisdiction, *de novo*, "most courts regard domicile as presenting mixed questions of law and fact." *Coury*, 85 F.3d at 251. Accordingly, we review the district court's determination of domicile as a question of fact; it will be upheld unless clearly erroneous. *Id.* The district court did not clearly err in determining that Appellants were domiciled in Louisiana at the time suit was filed. Although Appellants did relocate to Texas temporarily, they continually expressed their intention to return to Louisiana, as evidenced by statements in their first amended complaint: "[W]e would have to relocate . . . for a the [*sic*] time being until the new contract [in Louisiana] came out" and "we explained our situation and that we would be back in February and sign a new lease . . . we were very clear that . . . Garage A20 . . . would only be used so we could vacate the apartment, until we came back in February." Mere presence in a new state—without intent to remain—is insufficient to change domicile for diversity purposes. *Id.* at 250. Therefore, in failing to establish a domicile outside of Louisiana, Appellants destroyed the

complete diversity of citizenship required under § 1332.[3]

Next, we find no abuse of discretion in the district court's denial of oral argument in the instant case. Appellants do not provide any reasons to justify oral argument, and the local rules of the Eastern District of Louisiana do not guarantee a right to oral argument. LR 78.1.[4]

As the district court noted, Appellants may have a right to seek relief in state court on these state claims.

Accordingly, the district court's order is AFFIRMED.

---

[3]At times Appellants claim diversity on the basis of their Brazilian citizenship, presenting photocopies of Brazilian passports in support of this claim. Under § 1332, district courts do not have original jurisdiction over actions between citizens of a state and foreign citizens who are lawful permanent residents in that same state. We find no clear error in the district court's determination that Appellants were lawful permanent residents, domiciled in Louisiana at the time suit was filed.

[4]LR 78.1 reads, in part: "Oral argument will be permitted in such cases without further order of the court, unless the court advises the parties, as soon as practicable, that the request for oral argument is denied."