NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1545
_____

CHARLES NOVINS, ESQ.
P.C. and Charles Novins Personally

v.

KEVIN A. CANNON; KEVIN MICHAEL FRIES; JIM KELSO;
VINCENT LAMB; CARL R. OSTEWALD; RHONDA LEA KIRK, a/k/a Rhonda Lea
Fries; RICK MATHER; ALBERT C. YOUNG; SEAN MONAGHAN; GOOGLE INC.,
A Corporation doing business in the State of New Jersey;
TSB BEARING INC., A Corporation doing business in the State of New Jersey;
DATABASIX, A Corporation doing business in the State of New Jersey; OAKLAND
COMMUNITY COLLEGE, A Corporation doing business in the State of New Jersey;
JOHN EDWARD COOK, II

CARL R. OSTERWALD and YVONNE S. OSTERWALD,
*Third Party Plaintiffs*
and

VINCENT LAMB,
*Counter Claimant*
v.
CHARLES NOVINS, ESQ.

CARL R. OSTERWALD AND YVONNE S. OSTERWALD,
*Appellants*
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-05354)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013


Before: MCKEE, *CHIEF JUDGE*, FUENTES, and SLOVITER, *Circuit Judges*

_____

O P I N I O N

_____

SLOVITER, *Circuit Judge*.

This case arises from a trial before the District Court where the jury returned a verdict in favor of Charles Novins ("Novins") and against Carol Osterwald and Yvonne Osterwald ("the Osterwalds") on the Osterwalds' counterclaims for defamation and false light. Because the District Court never ruled on the Osterwalds' motion for a directed verdict and thus it is not properly before this court, we shall dismiss this part of the appeal for lack of jurisdiction. We shall affirm the District Court's trial-related rulings because it did not abuse its discretion.

I.

Novins and his law firm, where he is the sole practitioner, filed the original action in the Superior Court of New Jersey alleging defamation by the Osterwalds and others. The Osterwalds filed a counterclaim against Novins and his law firm for intentional tort acts of defamation and false light. The Osterwalds based their counterclaim on internet postings by Novins accusing Carl Osterwald of being a pedophile and homosexual, and stating that his wife, Yvonne Osterwald, caught Carl doing such acts.

Charles Novins, pro se, answered the counterclaims of the Osterwalds, but he did not answer the counterclaims on behalf of his law firm—a professional corporation. The Osterwalds requested entry of default against the law firm, due to the corporation's

failure to respond to the counterclaim, and the Superior Court of New Jersey granted the default.  The Superior Court of New Jersey later dismissed Novins' claims for failure to respond to discovery.  After this, the Osterwalds and others removed the case to the District Court.

At the conclusion of the trial before the District Court, the jury returned a verdict of no cause of action on both the defamation and false light counterclaims, and the District Court entered a Judgment of No Cause of Action in favor of Novins and against the Osterwalds on the counterclaims.  After the jury's verdict, the parties attended a settlement conference and reached an agreement.  Based on this agreement the District Court ordered:

> It appearing that it has been reported to the Court that the above-captioned matter has been settled, It is on this 22ND day of December 2011, ORDERED that this action be and is hereby dismissed, without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated.  The Court shall retain jurisdiction over this matter for the purpose of enforcing the settlement.

(App. 103)

At the time of the dismissal, a motion for a directed verdict, filed by the Osterwalds, and a motion for damages were pending before the District Court.  The settlement fell through and, after the sixty days contemplated in the District Court's order, the action was dismissed.  The District Court's order, dismissing the case without prejudice, terminated those pending motions.  Neither party filed to reopen the case before the District Court pursuant to its order.  Instead, the Osterwalds appealed to this court.

3

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b). The Clerk of this court originally listed this appeal for possible dismissal and ordered the parties to file written responses addressing this court's jurisdiction. The Osterwalds filed a response in support of jurisdiction. Novins did not file a response. The jurisdictional issue was then ordered referred to this merits panel.[1]

The Osterwalds claim that the District Court's dismissal of the case constituted a denial of their motion for directed verdict which was pending at the time of the dismissal. When a case is closed, all pending motions in that case are procedurally terminated by the clerk's office. The Osterwalds cite no precedential case inferring that this termination constitutes a denial. There is no order by the District Court ruling on the motion for a directed verdict in any way. The logical inference would be that when the parties reported settling to the District Court, the District Court by implication would deem the motion for a directed verdict withdrawn, based upon the settlement.

Only a few cases discuss, and the Osterwalds cite none, an implied denial by the district court. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 fn.* (5th Cir. 2002) ("Although the district court, as noted, did not explicitly deny the motion, the entry of its 'FINAL JUDGMENT' was an implicit denial of any outstanding motions: in this case, that for a new trial." (citing *United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000) (where judgment of conviction entered, court of appeals treated district court's failure to rule on a motion for an expert as a denial of the motion)); *Davis v. United States*, 961

---

[1] Novins has yet to note an appearance in the case or file an opposition.

F.2d 53, 57 fn. 6 (5th Cir. 1991) ("The district court did not deny Davis' motion to amend; rather, the district court failed to rule on the motion. The district court rendered a dispositive order that it designated as a final order of dismissal. Thus, the district court disposed of all the claims before it, but failed to address one outstanding motion. Under these circumstances, the motion to amend was impliedly denied."). The instant case differs from those cases because here the District Court ultimately dismissed the case without prejudice upon its belief that the parties had settled. Although it entered a judgment on the record with regards to the jury's verdict, it did not enter a final judgment that disposed of all the claims before it.

In sum, there is no denial of the motion, because the District Court closed the case upon the belief that the case had settled. There is no final order on the motion for a directed verdict and thus, this court does not have jurisdiction pursuant to 28 U.S.C. § 1291. The Osterwalds put forth no further statutory basis for our jurisdiction with regards to the motion for a directed verdict. Thus, we shall dismiss this part of the appeal for lack of jurisdiction.

However, prior to the dismissal, the District Court entered judgment on the record, based on the jury verdict, in favor of Novins and against the Osterwalds on the Osterwalds' counterclaims for defamation and false light. The judgment is a final order appealable under 28 U.S.C. § 1291, and this court can review the challenges to the trial and jury instructions.[2]

---

[2] Additionally, dismissals without prejudice have been held to be final and appealable if they end the suit so far as the District Court was concerned. *See Trent v. Dial Medical of*

III.

The Osterwalds raise four issues on appeal.  First, whether the District Court erred in not instructing the jury regarding defamation per se.  Second, whether the trial court erred by permitting Novins to call witnesses and present exhibits not listed in a pretrial memorandum.  Third, whether the trial court erred by permitting the jury to decide liability regarding the Law Firm of Charles Novins.  Fourth, whether the trial court improperly denied the Osterwalds' motion for a directed verdict.  As discussed above, the trial court did not "deny" the motion for directed verdict and thus, that is not properly before this court.  The other three issues we discuss in turn.

A.  The Jury Instructions Regarding Defamation Per Se

Whether the district court properly refused to give certain jury instructions is reviewed for an abuse of discretion, but this court exercises plenary review in determining whether the jury instructions state the proper legal standard.  *See United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995).  "A mistake in a jury instruction constitutes reversible error only if it fails to fairly and adequately present the issues in the case without confusing or misleading the jury."  *Donlin v. Phillips Lighting N. Am. Corp.*, 581 F.3d 73, 79 (3d Cir. 2009) (citing *United States v. Ellis*, 156 F.3d 493, 498 fn. 7 (3d Cir. 1998)).

In this case, the District Court provided the following instruction with regards to defamation:

---

*FL, Inc.*, 33 F.3d 217 (3d Cir. 1994), *superseded by statute on other grounds*; *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991).

Defamation is defined in the law or is viewed in the law as a harm to ones reputation. That's the area of law in which we're dealing. Defamation has to do with your reputation.

In order for a complaining party to win his or her claims against another for defamation, the party must prove by a preponderance of the credible evidence that the defamer communicated to someone other than the complaining party a false and defamatory statement of fact concerning the complaining party and that the defamer had actual knowledge that the statement was false or acted in reckless disregard of its truth or falsity or acted negligently in failing to ascertain the falsity of the statement.

(App. 198) The Osterwalds wanted the District Court to instruct the jury on New Jersey Model Jury Charge 8.46, regarding general damages for slander per se. However, the District Court concluded:

And my reading of the cases and Model Jury Charge indicated to me, number one, the law is very unsettled in this area. The Supreme Court hasn't definitively stated. It would appear that the four levels of speech/slander are slander. Slander is not the same as defamation. That's the problem. Slander has been treated separately, but no one has divided defamation into that first four levels that would presume damages.

And the way the cause of action now reads, defamation is an attack upon reputation in which damages have to be shown. Now that's what I see the case is saying, but the Supreme Court just has not given us the guidance to give us the definitive answer.

(App. 195-96)[3]

In their brief, the Osterwalds argue that the defamation per se instruction should have been included based on the facts of the case, but fail to provide any case law addressing the District Court's concern that at this time the case law does not require a

---

[3] Counsel for the Osterwalds did not object on the record to the jury instruction; however, pursuant to Federal Rule of Civil Procedure 51(d)(1)(B), counsel can still assign error to the instruction if the party requested the instruction and the court rejected the request in a definitive ruling on the record. The above ruling by the District Court satisfies this requirement and thus, this court can review the jury instruction despite counsel's failure to object.

jury instruction regarding defamation per se. A review of the record demonstrates that the parties discussed law review articles that described the state of damages for defamation in New Jersey; however, none of that information was submitted to this court in the record or Appellant's brief. An independent review of New Jersey case law supports the District Court's conclusion that the area of law is not entirely settled and often fact-sensitive. *See, e.g.*, *Rocci v. Ecole Secondaire Macdonald-Cartier*, 755 A.2d 583, 587 (N.J. 2000) (concluding that the plaintiff could not rely on the doctrine of presumed damages without a finding that defendant published the statement with knowledge it was false or with reckless disregard of whether it was false); *WJA v. DA*, 43 A.3d 1148, 1154-55 (N.J. 2012) (per curiam) (discussing the vitality of the doctrine of presumed damages in a private citizen/private concern case and stating that "it seems to us that the doctrine of presumed damages continues to have vitality by permitting a plaintiff to survive summary judgment and to obtain nominal damages at trial").

It was certainly not an abuse of discretion for the District Court to conclude that the law did not require an instruction on defamation per se. Even if under a plenary review, this Court concluded such an instruction was warranted, there is no evidence in the record that the District Court's instruction failed to fairly and adequately present the issues to the jury in a clear manner. Therefore, there is no reversible error with regard to the District Court's failure to instruct the jury regarding defamation per se.

### B. Novins' Presentation of Witnesses and Exhibits

We exercise plenary review over the District Court's interpretation of the rules of evidence; however, assuming that the evidence could be admissible in some

8

circumstances, we review the District Court's decision to admit that evidence for abuse of discretion. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003). "Admission of evidence is an abuse of discretion if 'the district court's action was arbitrary, fanciful or clearly unreasonable . . . . We will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view.'" *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 519 (3d Cir. 2003) (citing *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002)).

The Osterwalds contend that Novins' failure to participate in the pretrial conference barred him from presenting witnesses and exhibits at trial. The District Court permitted Novins to call Carl Osterwald and Dr. Vince Lamb (another defendant not part of this appeal) and to admit certain letters into evidence. The Osterwalds claim that admission of these witnesses and exhibits was "tantamount to 'trial by ambush', as neither counsel had any advance notice of the intended introduction of these documents or any expectation of testimony by the witnesses by way of the pretrial memorandum or pretrial order." (Appellant's Br. at 23) The Osterwalds cite no precedent stating that a court can only permit evidence listed in the pretrial order; especially in a case such as this, where only the Osterwalds drafted the pretrial order (and the other defendant, Dr. Vincent Lamb, who is not part of this appeal). The Magistrate Judge wrote on the order, "Plaintiff did not participate in the preparation of this order." (App. 25)

The Osterwalds do not put forth a rule of evidence prohibiting admission of the evidence at issue. With regards to Carl Osterwald, the District Court permitted Novins to call him as a witness for fifteen minutes to ask questions on direct examination that he

9

had not had the opportunity to ask on cross-examination. With regards to the exhibits, the District Court concluded one letter was the "document which launched the dispute," (App. 167) and permitted it read to the jury. Certainly, Novins should have been a more active participant in pretrial litigation and specifically the preparation of the pretrial order which serves to guide the trial of a case. But, based on the record before us, we cannot conclude that "no reasonable person would adopt the district court's view" that this evidence was admissible. *Ansel*, 347 F.3d at 519. Therefore, there is no error in the District Court's admission of evidence during the trial.

### C. Jury's Decision Regarding Liability of Novins' Law Firm

The Superior Court of New Jersey entered default against the Law Firm of Charles Novins prior to removal of the case because an attorney never responded to the counterclaims on behalf of the Law Firm of Charles Novins. This default transferred to federal court when the case was removed from state court. 28 U.S.C. § 1450. The Osterwalds claim that the District Court ignored the entry of default and permitted the jury, through jury instructions, to determine liability and damages regarding the law firm as opposed to solely the issue of damages.

The Osterwalds characterize this error as a refusal to give certain jury instructions. Whether the District Court properly refused to give certain jury instructions is reviewed for an abuse of discretion, but this court exercises plenary review in determining whether the jury instructions state the proper legal standard. *Coyle*, 63 F.3d at 1245 (citation omitted). "A mistake in a jury instruction constitutes reversible error only if it fails to

10

fairly and adequately present the issues in the case without confusing or misleading the jury." *Donlin*, 581 F.3d at 79 (internal quotations and citation omitted).

The Osterwalds' characterization of the District Court's actions, based on an independent review of the record, seems slightly inaccurate. The District Court concluded that it was too complicated to split up Novins and his law firm on the verdict sheet, instead stating that if the Osterwalds won against Novins, then they would have won against the law firm as well. From the limited passage included in the record, it is not clear whether the District Court intended to take this issue up again after the trial, which is quite plausible, given that there is no mention of the Law Firm of Charles Novins on the jury verdict form. Instead, each question asked whether the Osterwalds proved false light and defamation by a preponderance of the evidence by "Mr. Novins." (App. 242-44 ("that Mr. Novins defamed him", "that Mr. Novins placed him in a false light")). Also, the judgment that the District Court entered states that the jury "returned a judgment of NO CAUSE FOR ACTION to be entered in favor of plaintiff/counter defendant Charles Novins, Esq. and against" the Osterwalds. (App. 102) Thus, it does not appear from the record that a judgment was ever entered in favor of or against the law firm pursuant to Federal Rule of Civil Procedure 55(b)(2).[4] It is quite likely that the District Court would have taken up the issue of whether to enter default judgment against

---

[4] The District Court never entered default *judgment* against the law firm, although it upheld the entry of default. It appears from the record that Dr. Lamb filed a motion for a default judgment against the law firm (App. 18), which the Osterwalds did not join, and which the District Court denied (App. 21, Dkt. 85). The text of the District Court's order denying the default judgment is not included in the appendix. There is no evidence in the record that the Osterwalds ever filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

11

the law firm, again after the conclusion of the trial, had the case not settled and not been dismissed.

Perhaps, had the parties not agreed to settle the case, this is an issue the District Court would have addressed, but because the Osterwalds chose to appeal instead of reopening the case before the District Court, based on this record, we conclude that there was no reversible error regarding the District Court's jury instructions/treatment of the law firm during the trial.

## IV.

This court has jurisdiction to hear only the trial-related appeals and shall dismiss the appeal regarding the Osterwalds' Motion for a Directed Verdict. With regards to the trial issues, we shall affirm the District Court because it did not abuse its discretion.