# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

DONALD TOPPER,

Plaintiff-Appellant

v.

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY; AAAA
INSURANCE AGENCY; JOHN DOE; OSCAR ZAMBRANO,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3697

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit
Judges.

PER CURIAM:*

IT IS ORDERED that the opinion previously filed in this case, *Topper v. Progressive Cnty. Mut. Ins. Co.*, No. 14-20037, __ F. App'x __, 2015 WL 860791, is WITHDRAWN. The following opinion is substituted therefor:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20037

Donald Topper, Texas prisoner #1800924, appeals from the district court's judgment dismissing his complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1). He contends that the district court incorrectly construed his complaint as arising under 42 U.S.C. § 1983. We review his claims de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).

Topper's complaint does not allege the violation of a federally guaranteed right or contend that the defendants acted under color of state law. *See* § 1983; *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). Further, he does not invoke his federal civil rights or assert that he was denied due process. Rather, he asserts various tort and contract claims under state law against the defendants as private actors without alleging that they committed acts with the involvement or cooperation of the State. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Thus, this court does not exercise federal question jurisdiction. See 28 U.S.C. § 1331. Nor does this court exercise diversity jurisdiction because, despite Topper alleging damages exceeding $75,000, he does not allege the citizenship of the named defendants according to 28 U.S.C. §1332.[1] *See Dos Santos v. Belmere Ltd.*, 516 F. App'x 401, 402–03 (5th Cir. 2013) ("Although we 'liberally construe' the filings of pro se litigants and 'apply less stringent standards to parties proceeding pro se than to parties represented by counsel,' the plaintiff must prove, by a preponderance of the evidence, that the court has

---

[1] Out of the four defendants, Topper only listed the mailing addresses for AAAA Insurance Agency and Oscar Zambrano, which are both located in Texas, and the mailing address for John Doe, located in Ohio. *See* Topper Complaint at 1–2. However, Topper failed to allege the proper state of citizenship for either party. For instance, AAAA Insurance Agency, likely a corporation, is a citizen of any state where it is incorporated and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Topper's complaint makes no mention of the citizenship of any of the defendants pursuant to § 1332(c).

2

No. 14-20037

jurisdiction based on the complaint and evidence." (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995))).

Accordingly, although the district court erred in dismissing Topper's complaint for failure to state a claim under § 1983, we AFFIRM the district court's dismissal but for lack of subject matter jurisdiction. We note, however, that the dismissal for lack of subject matter jurisdiction should have been without prejudice, as a district court is unable to reach the merits of claims over which it has no subject matter jurisdiction. *See Cahanin v. Tobias*, 5 F.3d 1494 (5th Cir. 1993) (unpublished); *see also Hix v. United States Army Corps. of Eng'rs*, 155 F. App'x 121, 129 (5th Cir. 2005) ("Because the district court did not reach the merits of Appellants' claims, and did not have jurisdiction to do so, it was incorrect to dismiss those claims with prejudice."); *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (same). We, therefore, modify the judgment accordingly.

For the foregoing reasons, the judgment is modified to reflect dismissal without prejudice; and the dismissal, as modified, is AFFIRMED.[2]

---

[2] With respect to Topper's request for a refund of overpayment of district court filing fees, Topper should seek any such refund from the district court in the first instance.

3