**ADEE MOTOR CARS, LLC,**
**Monticello K–9, LLC,**
**Plaintiffs**

v.

**John AMATO, Jim Fredericks,**
**Fredericks Motors,**
**Defendants**

**John Amato, Counterclaim Plaintiff**

v.

**Adee Motor Cars, LLC, Monticello K–9,**
**LLC, Sunset 17, LLC, Denise Gellis**
**Counterclaim Defendants**

**No. 00 CIV. 9635SCRGAY.**

United States District Court,
S.D. New York.

Aug. 5, 2005.

Jan Ira Gellis, Gellis & Melinger, New York City, for Plaintiffs and Counterclaim Defendants.

R. Scott Thompson, Lowenstein Sandler PC, New York City, for Defendants and Counterclaim Plaintiff.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

Adee Motor Cars, LLC ("Adee") and Monticello K–9, LLC ("Monticello"; Adee and Monticello are collectively referred to herein as "Plaintiffs") commenced this action against John Amato ("Amato"), Jim Fredericks ("Fredericks") and Fredericks Motors ("Motors"; Amato, Fredericks and Motors are collectively referred to herein as "Defendants"), alleging that Amato and Fredericks acted as an enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* In addition, the Plaintiffs have asserted three common law claims—breach of fiduciary duty, unjust enrichment and misrepresentation—that arise under New York state law.

Amato has also asserted four counterclaims, all of which also arise under New York state law, against Adee, Monticello, Sunset 17, LLC ("Sunset") and Denise Gellis ("Gellis"; Adee, Monticello, Sunset and Gellis are collectively referred to herein as "Counterclaim Defendants"). Specifically, Amato alleges that the Counterclaim Defendants oppressed his rights as a mi-nority shareholder in Adee, wrongfully terminated his employment and withheld his proportionate share of rents from Sunset. In addition, Amato claims that Gellis breached her fiduciary duty to him by engaging in unlawful transactions involving various corporations.

Plaintiffs claim that Amato, while he was employed by Middletown Honda, a car dealership owned by Adee, conspired with Fredericks, another car dealer, to cause Adee to pay more than fair market value for used cars so that Amato and Fredericks could unlawfully profit from the difference in price. Plaintiffs also contend that, via his enterprise with Fredericks, Amato engaged in self-dealing and unjust enrichment, resulting in damages to plaintiffs.

In his counterclaim complaint, Amato claims that, in accordance with an oral agreement, he is a minority shareholder/owner of Adee, and that his rights as such were oppressed by Gellis and Adam Melec ("Melec"), who are the other two shareholders/owners of Adee. Amato further alleges that he was wrongfully terminated from his employment at Middletown Honda, that Gellis breached her fiduciary duty to other shareholders by engaging in unauthorized and suspicious loans and re-payments concerning Adee and Monticello, and that he has not received disbursements from Sunset to which he is entitled because of the Counterclaim Defendants' fiduciary breach.

The Defendants filed a motion for summary judgment dismissing all counts in Plaintiffs' complaint. Amato also filed a motion for summary judgment on his first counter-claim. The Counterclaim Defendants filed a motion for summary judgment dismissing Amato's first, third and fifth counterclaims. These motions were referred to Magistrate Judge Yanthis for a Report & Recommendation.

On October 28, 2004 Judge Yanthis issued his report, recommending that Defendants' motion for summary judgment be granted, Plaintiffs' remaining claims be dismissed, and that Amato's counterclaims also be dismissed.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate only if "there is no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

■ In reviewing an R & R, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). *See also Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 673–674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997). The Plaintiffs/Counterclaim Defendants objected in a timely fashion to Judge Yanthis' recommendations. The Defendants also objected to some, but not all, of Judge Yanthis' recommendations.

### B. Judge Yanthis' Recommendations

■ In this case, Plaintiffs assert that defendants Amato and Fredericks engaged in an illegal enterprise to defraud Plaintiffs, and thus violated the RICO statute, 18 U.S.C. § 1962(c). As Judge Yanthis noted, proof of a RICO violation requires evidence of "at least two related predicate acts..., the last of which must have occurred within 10 years of a prior act of racketeering activity." *Pinnacle Consultants v. Leucadia Nat'l Corp.,* 101 F.3d 900, 904 (2d Cir.1996) citing 18 U.S.C. § 1961(5).

Here, Plaintiffs allege that the relevant predicate acts are mail fraud and wire fraud. The mail and wire fraud statutes prohibit the use of those means of communication in furtherance of "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. §§ 1341, 1343. *See also United States v. Slevin,* 106 F.3d 1086, 1088 (2d Cir.1996) ("Because the [mail and wire fraud] statutes use the same relevant language, they are analyzed in the same way.").

Judge Yanthis found that there are no genuine issues of material fact regarding the issue of whether or not the defendants engaged in the predicate acts of mail and wire fraud. Specifically, Judge Yanthis found no evidence that Fredericks and Amato utilized the mails or wires to defraud, or that they were otherwise engaged in a "scheme to defraud" at all. As a result, Judge Yanthis recommended that the Defendants' motion for summary judgment on Plaintiffs' RICO claim should be granted.

Having recommended that the only federal claim in the case be dismissed, Judge Yanthis recommended that this court decline to exercise jurisdiction over Plaintiffs' remaining claims and Amato's counterclaims, all of which arise under New York state common law.

## C. Objections

### 1. Plaintiffs'/Counterclaim Defendants' Objections

Plaintiffs argue that, contrary to Judge Yanthis' finding, there is adequate evidence in the record to create genuine issues of fact as to whether the Defendants were engaged in a scheme to defraud, and utilized mails or wires to further their scheme. Specifically, Plaintiffs argue that Judge Yanthis ignored several facts that raise questions as to whether there was a scheme to defraud and, by implication, whether Amato and Fredericks used the mails or wires to implement it.

With respect to the use of the mails or wires, Judge Yanthis noted that, although Fredericks conceded that he spoke with Amato often by telephone or cell phone, Fredericks testified that the calls were routine conversations in which he and Amato discussed the availability and price of used vehicles for Middletown Honda to purchase. Moreover, Judge Yanthis found that there was no evidence contradicting Fredericks' testimony on the issue of whether these conversations were anything but routine.

■ On the issue of the use of wires, however, Judge Yanthis' conclusion is unpersuasive. In order to establish a RICO claim based on mail or wire fraud, the telephone calls or mailings need not have contained misrepresentations themselves. *See Moses v. Martin,* 360 F.Supp.2d 533, 548 (S.D.N.Y.2004); *Miltland Raleigh–Durham. v. Myers,* 807 F.Supp. 1025, 1056 (S.D.N.Y.1992). Rather, plaintiffs must assert merely that the use of the mails or the wires was accomplished in furtherance of the scheme alleged, which was itself fraudulent. *Moses,* 360 F.Supp.2d at 548. It is the fraudulence of the scheme itself, not any individual falsehood in any particular mail or wire communication that must be alleged. *See id.* As such, summary judgment is not appropriate simply because there is no evidence that the conversations touched upon anything but the availability and prices of used vehicles. Since the alleged scheme involved the purchase of used vehicles, such "routine" conversations could very well have contributed to a fraudulent scheme.

■ Judge Yanthis also found that there were no genuine issues of fact regarding the issue of whether the Defendants were actually engaged in a scheme to defraud. Specifically, Judge Yanthis noted that that every check that Fredericks was given as payment for used vehicles was actually approved by the Plaintiffs, who never complained that the prices were too high. Moreover, Plaintiffs have concededly produced no proof that Amato was receiving kickbacks on the allegedly fraudulent transactions. On this issue, Judge Yanthis' analysis is persuasive.

In their objections, Plaintiffs essentially ask the court to find genuine issues of material fact by drawing inferences from the following various circumstances surrounding Amato's purchase of used cars on behalf of Plaintiffs: 1) Fredericks sold all the vehicles he purchased at auctions to the Plaintiffs; 2) Amato allowed Fredericks to buy the cars at the auctions, instead of simply buying them himself; 3) Amato purchased cars previously bought by Fredericks at auctions, instead of simply hiring Fredericks to act as Plaintiffs' representative and buy cars on Plaintiffs' behalf; 4) Plaintiffs purchased cars that Fredericks had previously bought from two New Jersey dealerships, instead of

buying the cars directly; 5) Motors earned most if not all of its profits from sales to the Plaintiffs.

■ Plaintiffs' argument, which is essentially a restatement of the allegations in their complaint, is inadequate to withstand summary judgment. Although a court adjudicating a motion for summary judgment must resolve all ambiguities in favor of the nonmoving party, "the nonmoving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). In this case, all Plaintiffs have managed to produce is entirely unsubstantiated speculation that Defendants were engaged in a fraudulent scheme, without any proof that Amato benefited in any way. Moreover, Defendants provide innocent explanations for much of the conduct that Plaintiffs find suspicious in their summary judgment papers, but even leaving these explanations aside, Plaintiffs opposition to summary judgment amounts to nothing more than "conjecture or surmise" on which a summary judgment motion "will not be defeated...." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). *See also Scotto,* 143 F.3d at 114 (the opposing party "must produce specific facts indicating that a genuine factual issue exists.") (internal citations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("If the evidence [produced by the nonmoving party] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

Therefore, this court finds, consistent with Judge Yanthis' recommendation, that Defendants' motion for summary judgment on Plaintiffs' RICO claim must be granted.

## 2. Defendants'/Counterclaim Plaintiff's Objections

Although, for obvious reasons, Defendants are requesting that this court adopt Judge Yanthis' recommendation with respect to dismissing Plaintiffs' RICO claim, they object to Judge Yanthis' recommendation that this court choose not to exercise jurisdiction over, and therefore resolve on the merits, the state claims and counterclaims in this case. Specifically, Defendants argue that it would be inequitable and inefficient not to exercise supplemental jurisdiction because the Plaintiffs chose a federal court forum, the case has been litigated for over four years and discovery is already complete. Defendants also contend that the same findings underlying this court's granting of summary judgment on the RICO claim—that there is no evidence of any improper payments to Amato or of a fraudulent scheme involving Amato and Fredericks—also compel the dismissal of Plaintiffs' state law claims.

■■ In determining whether to retain jurisdiction over remaining state law claims, district courts consider factors such as judicial economy, convenience, fairness, and comity. *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1191 (2d Cir.1996). In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well. *See Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994); *Baylis v. Marriott Corp.,* 843 F.2d 658, 664–65 (2d Cir.1988).

■ Although the court recognizes that dismissal of the pendent state claims, even where the federal claims have been dismissed before trial, is "not absolutely mandatory," *Baylis,* 843 F.2d at 665, the court declines to exercise jurisdiction over the state law claims and counterclaims in this case. First, it is not entirely clear to the court why all of the discovery in this case would necessarily need to be repeated were the state claims in this case litigated in state court. Second, to the extent De-

fendants are correct that this court's dismissal of the RICO claim also precludes Plaintiffs from establishing their state law claims, unnecessary litigation in state court could conceivably be precluded by a state court's application of principles of collateral estoppel. Third, even Defendants concede that summary judgment would not be appropriate on all of Amato's counterclaims, and a cursory examination of their briefing papers indicates that resolving these counterclaims will involve at least some nonobvious interpretations of New York state law. As such, this court finds that the resolution of these issues would be best left to state courts. *See Rounseville v. Zahl,* 13 F.3d 625, 631 (2d Cir.1994) (holding that, where the state claim required an application of state law that was potentially novel, the state claim was appropriately resolved in state court, and retention of the state claim after the dismissal of the federal claim "would be an inappropriate exercise of pendent jurisdiction and a waste of judicial resources").

Therefore, the remaining claims and counterclaims, all of which arise under New York state law, are also dismissed.

### III. Conclusion

Having reviewed the R & R and conducted a *de novo* review of Defendant's objections thereto, this court accepts and adopts Judge Yanthis' recommendation.

Accordingly, Defendants' motion for summary judgment on Plaintiffs' RICO claim is GRANTED.

Defendants' state law claims and counterclaims are dismissed without prejudice.

The clerk of the court is directed to CLOSE this case.

It is so ordered.